THOMAS W. FORBES *vs.* WILLIAM M. BUSHNELL and another.

November 27, 1891.

Agency to Sell Real Estate—Agreement for Compensation.—Plaintiff and defendants agreed that the former should devote his time and energy to selling real estate for the latter at specified rates of compensation, "for such time as may be mutually agreeable." *Held* that, as (no time being fixed by this agreement) plaintiff was not bound by it, except as to what was actually done under it, a subsequent agreement that defendants should pay him a different rate for selling a particular piece, if he should succeed in selling it, was upon a valid consideration.

Appeal by defendants from an order of the district court for Ramsey county, *Kelly,* J., presiding, refusing a new trial after a verdict of $431.33 for plaintiff.

*Omar Bushnell,* for appellants.

*J. W. Pinch,* for respondent.

GILFILLAN, C. J. Plaintiff and defendants made an agreement in writing, by which the former agreed to devote his entire time and energy to selling real estate for the latter at specified rates of compensation, "for such time as may be mutually agreeable." Plaintiff claims that afterwards he and they made orally an agreement by which they agreed to pay him a different rate of compensation for selling, if he should succeed in selling a particular piece of real estate, and the action is brought on that agreement. Defendants insist that, if such oral agreement were made, it was *nudum pactum;* for, he being already bound by the written contract to devote his time and energy to selling real estate for defendants, his undertaking in the particular instance was no consideration to them for the prom-

ise on which the action is brought.    But, as the written contract was for no fixed time, neither party was bound, except as to what was actually done under it.    Plaintiff was not bound by it to sell, or to try to sell, the real estate in question, and his undertaking to sell that real estate was a valid consideration for defendants' promise to pay him for so doing any sum that the parties agreed.

There is nothing requiring notice in the other assignments of error. None of them are well founded.

Order affirmed.